RECEIVED

JUL 1 0 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BELVA WEBB, ET AL | CIVIL ACTION 10-1775 |
| VERSUS | JUDGE HAIK |
| JOSEPH P. MORELLA | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Rule 59 Motion to Alter 23 January 2014 Judgments (Doc. #61). Although the heading of the motion reads, "Webbs' Rule 59 Motion to Alter 23 January 2014 Judgments [Record Doc. Numbers 53,58,59]", the motion itself is premised on the assertion that this court may not impose Rule 11 sanctions in the above referenced matter. The motion is based entirely on the Fifth Circuit's ruling in a separate case entitled *Belva Webb, et al v. Patrick LaSalle, et al*, Civil Docket 12-897, the dismissal of which was affirmed by the Fifth Circuit Court of Appeals on July 24, 2013. The Sanctions portion of that case, Docket 12-897, was reversed by the appellate court.

**Referenced Record Documents:**

**Document #53**

Looking to the record documents cited in the motion, document #53 is a Motion for Attorneys' Fees and Costs for Frivolous Appeal. It is not a "judgment", was not entered in January 2014, and is not subject to alteration or amendment by this court. Consequently, it is not addressed in the instant Motion to Alter. Document #53 refers to the imposition of sanctions by the United States Fifth Circuit Court of Appeals directly against Mr. Abel for filing an appeal

that was found to be frivolous, vexatious, and a waste of judicial resources. Further, the Appellate Court found Mr. Abel "repeatedly abused the appellate process." The Fifth Circuit imposed sanctions against Mr. Abel in the amount of reasonable attorneys' fees and costs incurred by Mr. Morella in connection with the appeal. It remanded the matter to this district court for a determination of those fees and costs. Document #53 is the motion setting out the details of those amounts, as evidenced by an affidavit of attorneys' fees and costs incurred by Mr. Morella in connection with the appeal.

**Document #58**

Document #58, signed January 21, 2014 and entered January 22, 2014, is the Order specifying the sum certain for reasonable attorney fees and costs determined by this court for the sanctions imposed against Mr. Abel by the appellate court for the frivolous appeal.

**These motions are unrelated to this court's imposition of Rule 11 sanctions in either case and, consequently, are not addressed by the arguments set forth in the Rule 59 motion. Additionally, the plaintiffs have not objected to the reasonableness of, or any other issue related to, the actual *dollar amount,* or sum certain, set in Document #58 for the frivolous appeal.**

Although Mr. Abel attempted to bundle all sanctions together at the Hearing held on June 19, 2014, arguing they should all be dismissed, the Fifth Circuit's separate imposition of sanctions on Mr. Abel individually for bringing a frivolous appeal (Doc. #56) is not within the jurisdiction of this district court to alter or amend. Despite Mr. Abel's arguments to the contrary, the Fifth Circuit's Judgment in *Webb v. LaSalle,* 12-897, did not overturn its own imposition of sanctions on him in *Webb v. Morella,* 10-1557. The Fifth Circuit's Judgment in 12-897 did not

speak to the matters contained in the instant case. 12-897 was and is a completely separate case from 10-1557, with its own set claims, which this court and the appellate court addressed independently. These two cases have separate docket numbers, separate Complaints, separate claims, differing parties, separate proceedings, separate appeals, and are unrelated in the court records. There is nothing in the July 24, 2013 Judgment of the Fifth Circuit in *Webb v. LaSalle,* 12-897, which indicates it pertains in any way to the independent case of *Webb v. Morella,* 10-1557 or lifts the sanctions imposed on Mr. Abel therein.

**As the Court has no jurisdiction over the underlying issue of sanctions imposed by the appellate court against Mr. Abel; the plaintiffs have no objection to the sum certain set for those sanctions set in Document #58; and those sanctions remain in effect pursuant to the judgments of the Fifth Circuit, the sanctions for frivolous appeal are not subject to the instant Motion to Alter.**

**Document #59**

Document #59, signed January 21, 2014 and entered January 22, 2014, is an Order specifying the sum certain for sanctions imposed under Rule 11 in the above referenced case, as addressed in the Hearing held April 19, 2012 (Minutes, Doc. #41) and the Judgment signed May 8, 2012 (Doc. #43). It follows from a plain reading, the instant Rule 59 motion addresses the imposition of sanctions under Rule 11 in the instant case only.

**Timeliness**

A Motion to Alter or Amend a Judgment must be filed "no later than 28 days after entry of the judgment." FRCP 59(e). The Judgment imposing sanctions under Rule 11 was entered on May 8, 2012 (Doc. #43), well outside of the 28 days imposed by Federal Rule of Civil Procedure 59(e). The Order setting the sum certain for those sanctions (Doc. #59) was filed on January 22, 2014, within 28 days prior to the Motion to Alter. Therefore, the Motion to Alter as it pertains to Document #59 is timely. It is important to note that the plaintiffs have not objected to the dollar amounts or sum certain imposed by this court as sanctions under Rule 11 in Document #59. They have only objected to the actual imposition of sanctions. Technically, Document #59 did not impose sanctions, it simply set out the sum certain for sanctions previously imposed. For the sake of finality, however, the Court will address the motion on the merits as though it were timely as to all issues.

**Procedural History of Civil Action 10-1557**

*Webb, et al v. Morella,* 10-1557, involving an "Original 42 U.S.C. section 1983 Complaint: Hate Crimes and Damages", was filed on October 12, 2010. The defendant filed a Motion to Dismiss the Complaint (Doc. #4) on December 7, 2010, followed by a Motion for Sanctions under Rule 11 and Attorneys' Fees and Expenses (Doc. #6) on December 8, 2010. The Motions were set for Hearing on January 13, 2011 (Docs. #5, #7) and the plaintiffs were notified of their 21 day time period to respond to the motions. On December 28, 2010, the plaintiffs filed a *deficient* Motion to Continue Oral Argument and Motion for Extension of Time to File Response/Reply (Doc. #9). The plaintiffs cured the deficiencies on January 7, 2011 and the Webbs were subsequently granted an extension of time to reply to January 13, 2011, with the

Hearing reset without oral argument for that same date. **The plaintiffs then filed two *deficient* oppositions to the motions, one day late, which they failed to cure after due notice by the court.** Consequently, the Motion to Dismiss and Motion for Sanctions were granted as unopposed. An Affidavit of Attorney Fees and Costs was filed by the defendant on February 8, 2011 (Doc. #21). A Notice of Appeal was filed on February 20, 2011 (Doc. #22).

On appeal, the Fifth Circuit considered the plaintiffs' failures and noted, "such conduct is undoubtedly sanctionable by the district court", however, dismissal with prejudice was not warranted at that time. The Fifth Circuit noted that a dismissal with prejudice is appropriate under those circumstances only after the district court considers lesser sanctions for the behavior, and there is a clear record of contumacious conduct or extreme delay. In this case, the defendant replied to the deficient motions and there was no extreme delay. The matter was remanded and the case was reopened in district court on February 1, 2012 (Doc. #25).

On February 13, 2012, a Motion to Reset Motion for Sanctions (Doc. #26) and a Motion to Reset Motion to Dismiss (Doc. #27) were filed. The Motions were reset for March 15, 2012 (Doc. #31, Doc. #35). On February 27, 2012, the Webbs filed a *deficient* Motion to Continue and plaintiffs were duly noticed of the deficiencies. Although not part of the formal deficiencies, the proposed order, required by Local Rule 7.4.1, contained inapplicable language referring to criminal statutes and speedy trial delays, which this court corrected for the plaintiffs. Upon curing of the deficiencies, the continuance was granted and the motions were reset for April 19, 2012. **It is noteworthy that the plaintiffs never cured the deficiencies in the original memorandums (Doc. #13, Doc. #14) filed in opposition to the Motion to Dismiss (Doc #4) and Motion for Sanctions (Doc. #6). Despite the continued failure to do so, this court held a**

5

**hearing on April 19, 2012 to consider the merits of the motions to dismiss and for sanctions.**

Counsel for both parties were present at the Hearing and presented their cases. After full consideration of the arguments and filings, and a thorough understanding of the facts and circumstances of this matter, the Motion to Dismiss (Doc. #4) and Motion for Sanctions (Doc. #6) were granted. A Transcript of the Hearing is filed into the record as Document #49. The Minutes of Hearing are in the record at Document #41. The claims premised on federal law were dismissed with prejudice, state law claims were dismissed without prejudice, and sanctions under Rule 11 in the amount of attorney fees set at $200 per hour, plus costs, for defense of the suit were ordered. The Judgment (Doc. #43) was filed on May 8, 2012, which set forth the rulings and required the plaintiff to submit an itemized summary of fees and expenses related to the motions. An Affidavit of Attorney Fees was filed on May 9, 2012 (Doc. #44).

A Notice of Appeal was filed by the plaintiffs on June 4, 2012 (Doc. #45), which failed to contain the required Transcript Order. **Due notice of the failure was sent to counsel for the plaintiffs on June 4, 2012, but never cured.** A Transcript Request was filed by *Mr. Morella* on August 9, 2012 and the record on appeal was supplemented on September 6, 2012 (Doc. #50).

On October 5, 2012, the Motion setting the attorney fees assessed as sanctions (Doc. #44) was set for Hearing on November 15, 2012 (Doc. #52). It is important to note that the Motion/Affidavit of Attorney Fees (Doc. #44) was originally filed on May 9, 2012. Local Rule 7.5 requires a response to be filed within 21 days of service of the motion, unless an extension of time is granted. **No response was filed within the alloted time, nor was an extension requested. To date, the plaintiffs have not filed an opposition to the Motion for Attorney Fees/Affidavit of Fees (Doc. #44).**

On April 12, 2013, the Fifth Circuit affirmed the dismissal of the plaintiffs' case with prejudice; dismissed the portion of the appeal pertaining to Rule 11 sanctions for lack of jurisdiction, as the amount had not yet been reduced to a sum certain; and levied sanctions against Mr. Abel for bringing a frivolous appeal. As this court did with the Rule 11 sanctions in the underlying case, the appellate court imposed sanctions in the amount of reasonable attorney fees and costs related to the appeal, to be determined by the district court on remand. As this district court was already in the position of determining the fees and costs for the Rule 11 sanctions, the appellate court's remand for the additional sanctions was practical and a wise use of judicial resources.

On April 24, 2013, Mr. Morella filed a Motion for Attorney Fees and Costs for Frivolous Appeal (Doc. #53), with an attached Affidavit itemizing the amounts. That motion was set for Hearing on June 13, 2013 (Doc. #54). **Again, the plaintiffs failed to oppose the motion and filed nothing in response.**

As is customary in this court when motions are unopposed, a notice cancelling the hearing and granting the motion as unopposed was sent on June 10, 2013 (Doc. #57), a few days prior to the original hearing date. **The court waited a reasonable amount of time before entering a formal Order on the motions in the event the plaintiffs demonstrated good cause for the failure to respond. The plaintiffs filed no response.**

On January 22, 2014, the Orders setting forth the sums certain for the Rule 11 sanctions imposed in the underlying case, 10-1557, and the sanctions for frivolous appeal ordered by the Fifth Circuit were filed (Docs. #58, #59). This Motion to Alter Judgment (Doc. #61) was filed on February 17, 2014 and a Hearing was held on June 19, 2014, with all counsel present.

7

**Merits of the Motion to Alter**

The Motion to Alter is premised on the position that "under Federal rule FRCP 59 the judgment contains such 'manifest error[s] of law or fact'" that an alteration setting aside the "District Court's judgment of Rule 11 sanctions, attorney fees, and costs" is warranted. It is noted *the plaintiffs failed to cite any authority for this language and it is not contained in the body of Rule 59.* The plaintiffs rely solely to the Fifth Circuit's ruling in *Webb v. LaSalle,* 12-897, in support of the requested relief. The plaintiffs state, "The United States Fifth Circuit Court of Appeal has found in the related matters involving Morella and co-defendant Patrict [sic] LaSalle [Case No. 6:12-cv-00897] that the District Court's judgment here was also based on reasoning not supporting by existing law or facts." **This is a patently untrue statement, as the appellate court did not reference this case in its Judgment, nor did it in any way indicate that its decision in 12-897 relates to this matter.**

The plaintiffs also write, "The judgment issued in this matter is identical, such that the District Court has again ignored the United States Fifth Circuit's Order denying such and setting aside both the District Court's judgment of Rule 11 sanctions, attorney fees, and costs." **This statement is also inaccurate in all respects.** The judgment issued in this case is far from identical to that issued in the case of *Webb v. LaSalle,* as a plain reading of the history of the cases and the judgments reveal. Further, this court has never "ignored" an order from the Fifth Circuit Court of Appeals, so to claim this district court is doing so "again" is a blatant falsity. Finally, as previously noted, the appellate court did not "set aside" the "Rule 11 sanctions, attorney fees, or costs in this case." The record is completely devoid of any evidence supporting these statements.

8

After quoting a large portion of the Fifth Circuit's Judgment in 12-897, the plaintiffs add, "The Fifth Circuit has also set aside the related judgment as to attorneys fees as firmly established in this Circuit. Attorney's fees for prevailing defendants are thus presumptively unavailable unless a showing is made that the underlying civil right suit was 'vexatious, frivolous, or otherwise without merit.' <u>Dean v. Riser,</u> 240 F.3d. 505, 508 (5th Cir. 2001)." First, the appellate court did not mention attorney fees or costs levied by this court in its judgment. Second, this court did not order attorney fees or costs outside of those imposed as Rule 11 sanctions. The sanctions ordered in 12-897, *Webb v. LaSalle,* were reversed, <u>but an order for attorney fees and costs was not, as it never existed.</u> The quotation from the *Dean* case cited by the plaintiffs appears nowhere in the Fifth Circuit's judgment, so this court will assume it is set forth only as argument by counsel.

The *Dean* case, however, is inapplicable to the instant matter as it involves the *voluntary* dismissal of a civil rights action, which this case clearly does not. In any event, Mr. Morella obtained a dismissal with prejudice of the federal claims, which were found to be frivolous and completely without merit, and a dismissal without prejudice of the state law claims, making him the <u>prevailing party</u>. Attorney fees and costs incurred by Mr. Morella for having to defend such frivolous claims were imposed as sanctions under Rule 11. **As the prevailing party, this court could have awarded Mr. Morella attorney fees and costs <u>in addition to</u> imposing sanctions under Rule 11 for the frivolous, meritless, and potentially damaging claims brought in the underlying suit. Instead, it chose to order them *as* the sanction in an effort to impose a lesser penalty, but still adequately address the plaintiffs' vexatious lawsuit.** The dismissal was affirmed by the Fifth Circuit Court of Appeals, who found in that

same judgment that the plaintiffs' *appeal* was also vexations, frivolous, and a waste of judicial resources, justifying sanctions. The appeal as to the Rule 11 sanction was dismissed for lack of jurisdiction, as a sum certain had yet to be determined.

For completeness, it is important to note that throughout the Motion to Alter, the plaintiffs continuously reference 12-897 as a "related" matter to the instant case. The cases of *Webb v. Morella,* 10-1557, and *Webb v. LaSalle,* 12-897, are separate and unrelated. When a suit is filed in federal court, the plaintiff is required to complete a Civil Cover Sheet. Section VIII of the JS 44 Civil Cover Sheet is entitled, "Related Case(s), if any", and parties are required to state the docket number and judge assigned to the related case. In 12-897, the later filed matter, plaintiffs did <u>not</u> indicate that there were any related matters pending. That case was filed on April 16, 2012, only 3 days prior to the Hearing on the Motion to Dismiss and Motion for Sanctions in *Webb v. Morella,* 10-1557 held on April 19, 2012. Clearly, 10-1557 was pending, but was not considered a related matter by the plaintiffs.

Additionally, the plaintiffs never filed a motion to consolidate in either case, presumably because they are unrelated matters concerning unrelated claims against different parties. The only connection between the two cases is that they both name Mr. Morella as a defendant, but for different claims. Importantly, the Transcript of the April 19, 2012 Hearing in *Webb v. Morella,* 10-1557 reveals a similar position taken by Mr Abel. Beginning on Page 3, Line 15, Mr. Abel states, "Well, if that's the case, I would also like to put the Court on notice that another action has been filed related to this—well, not actually totally related, because it's not the same parties, because the Webbs were sent by the same parties in this suit on February 17th for a drug test in Morgan City at the insistence of the police chief. Now, that's a separate action. It's No. 12. It

was just filed. It is No. 12. It's 897." Plaintiffs' counsel is now asserting the position that the two cases are not only related, but that a judgment in one applies to the other as though they are one in the same. They are not, and plaintiffs current position is completely unfounded.

The plaintiffs have failed to present any grounds supporting a finding of "manifest error[s] of law or of fact", and have, once again, come before this court with baseless and fallacious claims. For the foregoing reasons, the Rule 59 Motion to Alter (Doc. #61) is **DENIED AND DISMISSED WITH PREJUDICE.**

For completeness of the record, the court has filed a clear and concise Reasons for Judgment detailing the actions of plaintiffs which led to the imposition of Rule 11 sanctions in this case, as discussed in the April 19, 2012 Hearing and subsequent Judgment.

Finally, as demonstrated in the procedural history of this case and the court records, plaintiffs and plaintiffs' counsel have demonstrated a clear pattern of frivolous and vexatious claims. Mr. Abel has also repeatedly failed to adhere to the requirements of this court and has shown a disturbing pattern of asserting potentially damaging allegations with no evidentiary basis whatsoever and of being inauthentic with the court, to put it mildly. **For these reasons, the plaintiffs, Belva and Faith Webb, and their counsel, Mr. Daniel Abel, are hereby prohibited from filing any future claims before this court until the sanctions ordered under Rule 11 are paid in full.**

THUS DONE and SIGNED on this __9th__ day of __July__, 2014.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT

11